THE STATE for the use of CRAWFORD COUNTY v. COPPOCK *et al.*

1.  Bail-bond: ACTION ON: EVIDENCE.   In an action upon a bail-bond the plaintiff introduced in evidence the information filed before the justice of the peace, the warrant issued thereon, and the return thereof, showing the arrest of the accused, the record of the justice showing an order requiring him to give bail to answer the charge before the district court, and the bail-bond in suit; also the record of the district court, showing a default upon the bond rendered on account of the failure of the accused to appear; but the indictment was not offered in evidence. After the submission of the case, and when defendants and their counsel were absent, the court permitted the indictment to be introduced.   *Held*—

    (1)  That the adjudication of the default, as shown by the evidence, was binding on the sureties of the bond, though made when they were not present.

    (2)  That that adjudication presumed an indictment to which the accused had failed to respond.

    (3)  That, therefore, the permission given to introduce the indictment under the circumstances named was, at most, error without prejudice.

    (4)  That the other evidence was sufficient to fix defendants' liability on the bond.

2.  ———: ———: PAROL TO VARY TERMS OF.   Where in such case the bond was conditioned, as required by law, for the appearance of the accused at the next term of the district court, the testimony of the defendants, that the justice informed them when they signed the bond that he would not be required to appear until a later term, was properly excluded. ·

*Appeal from Crawford District Court.*—HON. J. P. CONNER, Judge.

FILED, FEBRUARY 8, 1890.

ACTION upon a bail-bond against defendants as sureties thereon for the appearance in the district court of one held to answer for a larceny by a justice of the

peace. The bond is substantially in the form required by Code, section 4574. The cause was tried without a jury and judgment rendered for the state. Defendants appeal.

*Benj. I. Salinger,* for appellants.

No appearance for appellee.

BECK, J.—I. The facts of the case will be stated in connection with the discussion of the questions of law decided. Upon the trial of the case the plaintiff introduced in evidence the information filed before the justice of the peace, the warrant issued thereon, and the return thereof, showing the arrest of the accused, the record of the justice showing an order requiring him to give bail to answer the charge before the district court, and the bail-bond in suit, executed and given in pursuance of this order, and for the appearance of the accused before the district court, there to answer to the charge made in the information, and an undertaking that he would abide the orders and judgments of that court. The record of the district court, showing a default upon the bond rendered on account of the failure of the accused to appear for arraignment, was also introduced in evidence. The indictment was not offered in evidence. Upon this and some other evidence the cause was submitted to the district court for decision. Subsequently, when neither the defendants nor their attorneys were present, the court sustained a motion made by plaintiff's attorney to permit the indictment to be introduced in evidence, which was accordingly done. This ruling, and the refusal of the court to sustain a motion by defendants for judgment in their favor, are complained of as errors. The objections based thereon may appropriately be considered together.

The record of the district court offered in evidence, showing a default for failure of the accused to appear for arraignment, contains an adjudication of the court

*Marginal note:* 1. BAIL-bond: action on: evidence.

binding upon defendants, for it was entered in a proceeding to which they were parties as sureties on the bail-bond. The law provides for such proceedings, in order to fix the liability of the sureties, by an adjudication that there has been a breach of the conditions of the bond. The sureties, upon executing the bond, assented that their liability should be determined in the manner prescribed by the law.

The adjudication of the default, being had in a proceeding of which the district court had jurisdiction, will be presumed regular until the contrary be shown, and will be regarded as valid and binding until it is shown to have been made without jurisdiction. The default could not have been lawfully entered if no indictment had been found. ' It must be presumed that the district court found that there was an indictment pending in the case. Its record of default could not have been lawfully made if there had been no indictment. The presumption always to be exercised in support of proceedings of the court required the court below to hold that the order for the default was made upon proper showing of the pendency of an indictment.

II. We need not inquire whether the motion by plaintiff for leave to submit additional evidence was made in time, or whether for any reason the court erred in permitting the indictment to be introduced in evidence after the case was finally submitted, for the reason that if the court erred in this regard it was error without prejudice, for without the indictment the evidence was sufficient to authorize the judgment rendered by the court below. The evidence before the court authorizing the judgment against defendants, the motion for judgment in their favor was rightly overruled.

III. The defendants pleaded as a defense in their answer that the committing magistrate, at the time the bail-bond was given, informed defendants that the accused was held to appear at a term of the district court subsequent to the term at which the default was taken. The part of

2. $\frac{\quad:\quad}{\text{parol to vary}}$
   terms of.

the answer presenting this defense, upon motion of plaintiff's attorney, was stricken out. This action is complained of, and made a ground of objection to the judgment of the district court. The bond obligates the accused to appear at the "next" term of the district court. The defense was that by the declaration of the justice the term for appearance was later. But parol evidence cannot thus alter the terms of the contract of defendants as expressed in the bond. The law fixes the time of the appearance of the accused. To the law, and not to the committing magistrate, should the defendants have looked for information as to the terms of their obligation, as expressed in the bail-bond.

These considerations dispose of all questions in the case discussed by counsel. The judgment of the court below must be                              AFFIRMED.